UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LUIS RALPHY TORRES,

      Petitioner,

v.                                       Case No. 3:18-cv-1337-MMH-JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

      Respondents.

_____

## ORDER

### I. Status

Petitioner Luis Torres, an inmate of the Florida penal system, initiated this action on November 8, 2018,[1] by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). In the Petition, Torres challenges a 2010 state court (Duval County) conviction for trafficking in oxycodone. Torres raises seven grounds for relief. See Petition at 7-23.[2]

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

Respondents have submitted a motion to dismiss the Petition as untimely. See Motion to Dismiss Petition for Writ of Habeas Corpus (Response; Doc. 6) with exhibits (Resp. Ex.). Torres filed a brief in reply, see Reply to Respondents Motion to Dismiss Habeas Petition (Reply; Doc. 7), and a supplemental reply, see Petitioner's Supplemental Reply to Respondent's Motion to Dismiss Habeas Petition (Supplemental Reply; Doc. 8). This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

> and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that the Petition is untimely because Torres did not properly file appeals in the Florida and United States Supreme Courts. Response at 3-23. Torres argues that he properly filed an appeal with the Florida Supreme Court as that court entered a document entitled "Acknowledgment of New Case," which stayed his proceeding pending disposition of another case before it. Reply at 2. Additionally, Torres notes that his appellate counsel successfully petitioned the First DCA to reissue its opinion affirming his conviction and sentence so as to include a citation to Flagg v. State, 74 So. 3d 138 (Fla. 1st DCA 2011). Supplemental Reply at 1-2. According to Torres, as the First DCA issued a written opinion citing to a case pending review before the Florida Supreme Court, he was permitted to appeal the First DCA's affirmance of his conviction. Id. at 2-6. The following

3

procedural history is relevant to the determination of the one-year limitations issue.

A jury found Torres guilty of trafficking in twenty-eight grams or more but less than thirty kilograms of oxycodone. Resp. Ex. A at 52. On July 13, 2010, the circuit court sentenced Torres to a term of incarceration of thirty years in prison, with a twenty-five year minimum mandatory. Id. at 101-06. Torres appealed to the First DCA. Id. at 113. On December 8, 2011, the First DCA entered an opinion per curiam affirming Torres' conviction and sentence without issuing a written opinion. Resp. Ex. M. Torres, with the assistance of counsel, filed a motion for clarification requesting the First DCA "to clarify its decision by issuing a written opinion consisting of a citation to Flagg v. State, 36 Fla. Law Weekly D2276 (Fla. 1st DCA, Oct, 13, 2011), so that this issue will be preserved for further review." Resp. Ex. N. On February 14, 2012, the First DCA granted the motion for clarification, withdrew its December 8, 2011 opinion, and issued a new opinion that again affirmed the conviction and sentence but included a citation to Flagg. Resp. Ex. O. The First DCA issued the Mandate on March 13, 2012. Resp. Ex. Q.

On March 12, 2012, Torres filed a notice to invoke the discretionary jurisdiction of the Florida Supreme Court to review the First DCA's opinion. Resp. Ex. P. The next day, the Florida Supreme Court acknowledged the filing of the case and assigned a case number. Resp. Ex. R. On March 16, 2012, the

4

Florida Supreme Court stayed the case pending disposition of another case, State v. Adkins, 96 So. 3d 412 (Fla. 2012). Id. On November 9, 2012, the Florida Supreme Court dismissed Torres' appeal for lack of jurisdiction and cited to two cases in support: Harrison v. Hyster Co., 515 So. 2d 1279 (Fla. 1987) and Dodi Publishing Co. v. Editorial America, S.A., 385 So. 2d 1369 (Fla. 1980). Resp. Ex. S. On February 4, 2013, Torres petitioned the United States Supreme Court for a writ of certiorari, Resp. Ex. T, which the Supreme Court ultimately denied on April 15, 2013, Resp. Ex. U.

The parties disagree about when Torres' judgment became final. Torres contends it became final on April 15, 2013, when the United States Supreme Court denied his petition for writ of certiorari. Petition at 26-27. Respondents, on the other hand, contend that it became final on May 14, 2012, ninety days after the First DCA issued its opinion on February 14, 2012.[3] Response at 11-12.

Under section 2244(d)(1)(A), a state court judgment becomes final at "the conclusion of direct review or the expiration of time for seeking such review." To determine when a direct review has ended, federal habeas courts "must look to the actions taken by the state court and the relevant state law." Chamblee v. Florida, 905 F.3d 1192, 1196 (11th Cir. 2018) (citation omitted). In habeas

---

[3] 2012 was a leap year.

5

proceedings, federal courts "are bound by a state court's interpretation of its own laws and procedures." Id. (citation omitted).

The Florida Supreme Court cannot review a District Court of Appeal's per curiam affirmance that only includes a citation unless the cited case is pending review before the Florida Supreme Court. Jollie v. State, 405 So. 2d 418, 421 (Fla. 1981). In dismissing Torres' appeal for lack of jurisdiction, the Florida Supreme Court cited to Harrison and Dodi. The decision in Dodi predates Jollie, and there the Florida Supreme Court rejected "the assertion that [it] should reexamine a case cited in a per curiam decision to determine if the contents of that cited case now conflict with other appellate decisions." Dodi, 385 So. 2d at 1369. This is so because "[t]he issue to be decided from a petition for conflict review is whether there is express and direct conflict in the decision of the district court before us for review, not whether there is conflict in a prior written opinion which is now cited for authority." Id. In Harrison, the Florida Supreme Court determined that it improvidently accepted jurisdiction over Harrison's appeal on the basis of Jollie. Harrison, 515 So. 2d at 1280. The Florida Supreme Court reasoned that:

> Since a petition for review of Small[4] had been filed in this Court, we accepted jurisdiction on the petition for review filed in the instant case. Subsequently, however, this Court declined to accept jurisdiction in Small and denied the petition for review. Small v.

---

[4] Small v. Niagara Machine & Tool Works, 502 So. 2d 943 (Fla. 2d DCA 1987).

6

>  Niagara Machine & Tool Works, 511 So. 2d 999 (Fla. 1987).
>
> The anomaly of reviewing a decision because it was decided upon the authority of another decision which was never reviewed on the merits by this Court has caused us to conclude that we should not have accepted jurisdiction of this case until it was determined to accept jurisdiction in Small. Jollie's reference to the "controlling authority . . . that is . . . pending review" refers to a case in which the petition for jurisdictional review has been granted and the case is pending for disposition on the merits. Since Small never reached that status, our order accepting jurisdiction in this case was improvidently issued, and we now deny the petition for review.

Id.

The First DCA's opinion in Torres' direct appeal is analogous to the District Court of Appeal opinion in Harrison because it cited to a case, Flagg, over which the Florida Supreme Court ultimately determined to decline to accept jurisdiction. See Flagg v. State, 104 So. 3d 1083 (2012) ("Upon consideration of the Petitioner's response and the State's reply to this Court's order to show cause, this Court has determined that it should decline to accept jurisdiction."). As such, in Torres' case, the Florida Supreme Court concluded that it lacked jurisdiction to review the First DCA's affirmance with a citation. That conclusion is binding on this Court. See Chamblee, 905 F.3d at 1196.

Because the First DCA's opinion was not capable of review under Florida law, Torres' judgment became final when the ninety-day period in which to file

a petition for certiorari in the United States Supreme Court expired. See Chamblee, 905 F.3d at 1198; see also Dickey v. Jones, No. 3:16CV657-LC/CAS, 2017 WL 2676538, at *3 (N.D. Fla. May 24, 2017), report and recommendation adopted, No. 3:16CV657-LC/CAS, 2017 WL 2672077 (N.D. Fla. June 21, 2017) (concluding that the petitioner's appeal of a First DCA opinion that only cited to Flagg that was later dismissed for lack of jurisdiction did not constitute a properly filed appeal and petitioner could not rely on that proceeding to calculate the statute of limitations). Although Torres did petition the United States Supreme Court for writ of certiorari, he did not do so until February 4, 2013, and, as such, his petition for writ of certiorari was untimely and does not impact the finality of Torres' judgment. See Catchings v. Fisher, 815 F.3d 207, 210-11 (5th Cir. 2016) ("We thus decline to read the Supreme Court's apparent practice of denying late petitions without explanation, rather than simply refusing to file them, as reviving the direct review of tardy petitioners for purposes of section 2244(d)(1)(A)."). In light of the above analysis, Torres' judgment became final on May 14, 2012, ninety days after the First DCA's February 14, 2012 opinion, and the statute of limitations expired on May 14, 2013. Thus, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

The record reflects that Torres did not file a motion that would have tolled the statute of limitations under § 2244(d)(2) until August 4, 2013, when

8

he filed a motion for postconviction relief. Resp. Ex. V. However, by that time, the statute of limitations had already expired. Torres' motion for postconviction relief did not, therefore, toll the statute of limitations. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding "[a] state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Torres makes no argument that equitable tolling should apply. Therefore, the instant Petition is due to be dismissed as untimely.

### III. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Torres seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Torres "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

9

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DISMISSED as untimely**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice and is directed to close this case and terminate any pending motions.

3. If Torres appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending

10

motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE** at Jacksonville, Florida, this 10th day of November, 2021.

*[Signature: Marcia Morales Howard]*

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C:  Luis Torres #J41951
    Counsel of record