UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LUIS RALPHY TORRES,

    Petitioner,

v.      Case No. 3:18-cv-1337-MMH-JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

### I. Status

Petitioner Luis Ralphy Torres, an inmate of the Florida penal system, initiated this action on November 8, 2018,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[2] In the Petition, Torres challenges a 2010 state court (Duval County, Florida) judgment of conviction for trafficking in oxycodone. He raises seven grounds for relief. See Petition at 7-23. Respondents submitted a memorandum in opposition to the Petition, arguing that the action is untimely filed. See Motion to Dismiss Petition for Writ of Habeas Corpus (Response; Doc. 6). They also submitted

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

exhibits. See Docs. 6-1 through 6-6. Torres filed a brief in reply, see Reply (Doc. 7), and a supplemental reply, see Supplemental Reply (Doc. 8).

On November 10, 2021, the Court granted Respondents' request to dismiss the Petition as untimely filed and dismissed the action with prejudice. See Order (Doc. 10). Torres appealed, and the Eleventh Circuit Court of Appeals (Eleventh Circuit) granted a certificate of appealability on the following issue: "Whether the district court erred in determining that Torres's § 2254 petition was untimely based on its finding that his direct appeal ended 90 days after the Florida First District Court of Appeal entered its per curiam opinion affirming his conviction?" USCA Order (Doc. 14) at 3 (emphasis in original). On March 29, 2023, the Eleventh Circuit "vacate[d] the District Court's order and remand[ed] for the District Court to consider in the first instance[3] the impact of the sua sponte stay on the finality of Torres's direct appeal under § 2244(d)(1)(A) without reference to the 'properly filed' and 'tolling' language in § 2244(b)(2).[4]" USCA Opinion (Doc. 15) at 13 (emphasis in original). Mandate issued on April 28, 2023. USCA Mandate (Doc. 16). On

---

[3] As the Eleventh Circuit acknowledged in its opinion, the parties did not raise the issue before this Court or on appeal. See USCA Opinion at 12.

[4] Considered in context, it appears the Eleventh Circuit's reference to subsection "2244(b)(2)" is a scrivener's error.

2

remand, Torres filed, through counsel, a Supplemental Memorandum of Law in support of the Petition. See Memorandum (Doc. 19).

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual

3

>   predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that Torres has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). Response at 3. The following procedural history is relevant to the one-year limitations issue. On April 23, 2009, the State of Florida charged Torres by information with one count of trafficking in oxycodone. Doc. 6-1 at 30. Torres proceeded to a trial, and on June 11, 2010, a jury found him guilty as charged in the information. Id. at 72. On July 13, 2010, the circuit court sentenced Torres to a thirty-year term of imprisonment, with a twenty-five-year mandatory minimum. Id. at 121-26.

Torres pursued a direct appeal, and on December 8, 2011, the First District Court of Appeal (First DCA) per curiam affirmed Torres's conviction

4

and sentence without issuing a written opinion. Doc. 6-4 at 145. With the benefit of counsel, Torres filed a motion for clarification, asking the First DCA "to clarify its decision by issuing a written opinion consisting of a citation to Flagg v. State, 36 Fla. Law Weekly D2276 (Fla. 1st DCA, Oct, 13, 2011),[5] so that this issue will be preserved for further review." Id. at 147. On February 14, 2012, the First DCA granted Torres's request for clarification, withdrew its December 8th opinion, and issued the following opinion: "AFFIRMED. See Flagg v. State, 74 So. 3d 138 (Fla. 1st DCA 2011)." Id. at 150. The court issued the mandate on March 13, 2012. Id. at 155.

On March 12, 2012, Torres filed, through counsel, a notice to invoke the discretionary jurisdiction of the Florida Supreme Court. Id. at 152. In the notice, Torres asserted that the First DCA's opinion "cites a case presently pending before the Supreme Court. . . ." Id. (citing Jollie v. State, 405 So. 2d 418 (Fla. 1981)). The next day, the Florida Supreme Court acknowledged Torres's filing and assigned a case number. Id. at 157. On March 16, 2012, the Florida Supreme Court sua sponte stayed the case "pending disposition of

---

[5] In Flagg v. State, 74 So. 3d 138, 140 (Fla. 1st DCA 2011), the First DCA rejected Flagg's argument that section 893.13, Florida Statutes, was facially unconstitutional because section 893.101, Florida Statutes, which provides that knowledge of the illicit nature of a controlled substance is not an element of a drug offense, eliminated the mens rea component of felony drug possession.

State v. Adkins, Case No. SC11-1878,[6] which is pending in this Court." Id. at 158. On November 9, 2012, the Florida Supreme Court dismissed Torres's case, stating:

> Having determined that this Court is without jurisdiction, this case is hereby dismissed. See Harrison v. Hyster Co., 515 So. 2d 1279 (Fla. 1987); Dodi Publishing Co. v. Editorial America, S.A., 385 So. 2d 1369 (Fla. 1980).
>
> No motion for rehearing will be entertained by the Court.

Id. at 160. Torres petitioned the United States Supreme Court for a writ of certiorari on February 4, 2013, id. at 162, 164-76, and the Court denied his petition on April 15, 2013, id. at 221.

Torres argues his conviction and sentence became final on April 15, 2013, when the United States Supreme Court denied certiorari review. See Petition at 26-27. Respondents contend that it became final on Monday, May 14, 2012, ninety days after the First DCA issued its February 14, 2012 opinion. Response

---

[6] In State v. Adkins, 71 So. 3d 184, 184-85 (Fla. 2d DCA 2011), the Second DCA certified a circuit court order requiring immediate resolution by the Florida Supreme Court. The circuit court order granted forty-two defendants' motions to dismiss on the ground that section 893.13 was facially unconstitutional. Id. at 185. The Florida Supreme Court accepted jurisdiction on October 12, 2011, State v. Adkins, 71 So. 3d 117 (Fla. 2011) (unpublished table decision), and ultimately found "[t]he statutory provisions do not violate any requirement of due process articulated by this Court or the Supreme Court," State v. Adkins, 96 So. 3d 412, 423 (Fla. 2012).

6

at 12. Under section 2244(d)(1)(A), a state court judgment becomes final at "the conclusion of direct review or the expiration of time for seeking such review." To determine when a direct review has ended, federal habeas courts "must look to the actions taken by the state court and the relevant state law." Chamblee v. Florida, 905 F.3d 1192, 1196 (11th Cir. 2018) (citation omitted). In habeas proceedings, federal courts "are bound by a state court's interpretation of its own laws and procedures." Id. (citation omitted).

    Section 3, article V of the Florida Constitution sets forth the confines within which the Florida Supreme Court can exercise its discretionary jurisdiction. It provides, in part, that the Florida Supreme Court may review a district court of appeal decision that "expressly declares valid a state statute . . . or that expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law." Art. V, § 3(b)(3), Fla. Const. The Florida Supreme Court has recognized that this section "creates and defines two separate concepts. The first is a general grant of discretionary subject-matter jurisdiction, and the second is a constitutional command as to how the discretion itself may be exercised." Florida Star v. B.J.F., 530 So. 2d 286, 288 (Fla. 1988). Subject-matter jurisdiction exists "over any decision of a district court that expressly addresses a question of law

7

within the four corners of the opinion itself." Id. Conversely, subject-matter jurisdiction is absent when a district court opinion fails to expressly address a question of law, "such as opinions issued without opinion or citation." Id. at 288 n.3. If the Florida Supreme Court has subject-matter jurisdiction over a district court opinion, it must be regarded as complete until the petition for discretionary review is denied. See id. at 289. Further, a denial of discretionary review does not deprive the Florida Supreme Court of subject-matter jurisdiction retroactively. See id.

For the Florida Supreme Court to have subject-matter jurisdiction over a district court opinion containing only a citation to other authority, the citation must be to a case "pending" before the court or to a case reversed on appeal or review, or receded from by the court, or the citation must explicitly note the contrary holding of the court. Id. at 288 n.3 (citing Jollie v. State, 405 So. 2d 418, 420 (Fla. 1981)); Gandy v. State, 846 So. 2d 1141, 1143-44 (Fla. 2003); see also Persaud v. State, 838 So. 2d 529, 531-32 (Fla. 2003) (recognizing that the Florida Supreme Court does not have jurisdiction to review per curiam decisions of the appellate courts that merely affirm with citations to cases not pending review). Authority that is pending review "refers to a case in which

8

the petition for jurisdictional review has been granted and the case is pending for disposition on the merits." Harrison, 515 So. 2d at 1280.

Here, the Florida Supreme Court did not have subject-matter jurisdiction over Torres's appeal. The First DCA opinion constituted a "mere citation" per curiam affirmance and failed to expressly address a question of law with its four corners. See Jollie, 405 So. 2d at 421. It did not cite to a case "pending review" because the Florida Supreme Court never granted the petition for discretionary review in Flagg. See Flagg, SC2011-2282. Notably, in Torres's case, the Florida Supreme Court recognized its lack of jurisdiction, relying on Harrison in support of its dismissal and determining that it had no jurisdiction to consider Torres's case. Compare Doc. 6-4 at 160 ("Having determined that this Court is without jurisdiction, this case is hereby dismissed.") (emphasis added) with Flagg, SC2011-2282 ("[T]his Court has determined that it should decline to accept jurisdiction. It is hereby ordered that the petition for review is denied.") (emphasis added). Further, in the absence of subject-matter jurisdiction, the Florida Supreme Court's assignment of a case number to Torres's petition and the sua sponte stay had no effect on the finality of Torres's direct appeal. See, e.g., Beaty v. State, 701 So. 2d 856, 857 (Fla. 1997) (finding that when the district court of appeal issues

9

an opinion without citation to a case or cases that are pending review, the time to file a rule 3.850 motion is not affected by a discretionary review petition, regardless of the effect of plaintiff's notice requesting review or the timeliness thereof).

Because the Florida Supreme Court did not have jurisdiction over Torres's notice, his judgment and sentence became final on May 14, 2012, ninety days after the First DCA's February 14, 2012, opinion. See Chamblee, 905 F.3d at 1198. While Torres petitioned the United States Supreme Court for writ of certiorari, he did not do so until February 4, 2013, and as such, his petition for writ of certiorari was untimely and does not impact the finality of Torres's judgment and sentence. See Catchings v. Fisher, 815 F.3d 207, 210-11 (5th Cir. 2016) ("We thus decline to read the Supreme Court's apparent practice of denying late petitions without explanation, rather than simply refusing to file them, as reviving the direct review of tardy petitions for purposes of section 2244(d)(1)(A)."). Since Torres's judgment and sentence became final on May 14, 2012, his federal one-year limitations period expired on May 14, 2013. Torres filed the instant Petition on November 8, 2018. Thus, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

10

Torres filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on August 5, 2013. Docs. 6-4 at 223-36; 6-5 at 1-19. With the one-year limitations period having expired on May 14, 2013, Torres's Rule 3.850 motion could not toll the limitations period because there was no period remaining to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that a postconviction motion filed after the AEDPA limitations period has expired cannot "toll that deadline because, once a deadline has expired, there is nothing left to toll"). In the Petition, Reply, and Supplemental Reply, Torres makes no argument that equitable tolling should apply.[7] Given the record, the Court finds that the Petition is untimely, and the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

---

[7] In his counseled Memorandum, Torres asserts that "[t]o preclude [him] from pursuing his petition based on the delay of the stay order would . . . be inequitable." Memorandum at 5. However, he makes no specific argument "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted). Therefore, to the extent the Memorandum includes an equitable tolling argument, Torres has failed to meet his burden. See San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011) ("The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner. . . . Mere conclusory allegations are insufficient to raise the issue of equitable tolling.").

11

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Torres "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

12

In light of the Eleventh Circuit's opinion, the Court will grant a certificate of appealability with respect to the following issue: whether the <u>sua sponte</u> stay impacted the finality of Torres's direct appeal under 28 U.S.C. § 2244(d)(1)(A), which permits the filing of a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' request to dismiss (Doc. 6) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. The Court grants a certificate of appealability with respect to the following issue: whether the <u>sua sponte</u> stay impacted the finality of Torres's direct appeal under 28 U.S.C. § 2244(d)(1)(A), which permits the filing of a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

4. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of April, 2024.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Jax-9 10/17
c:    Luis Ralphy Torres, #J41951
      Counsel of record

14